ORDERED.

Dated: October 11, 2018

_____
Michael G. Williamson
Chief United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In Re:  Case No: 8:18-bk-03199-MGW
Chapter 7

Ernest J. Thomas
Margo A. Thomas

DEBTORS_____/

ORDER GRANTING TRUSTEE'S MOTION
TO SELL REAL PROPERTY AND PAY SECURED CREDITORS
(2543 Riverbluff Parkway, Unit V-178, Sarasota, FL 34231)

THIS CASE came before the court to consider Chapter 7 Trustee, Beth Ann Scharrer's ("Trustee") *Motion to Sell Real Property and Pay Secured Creditors* (the "Motion") (Dkt. No. 29). The Motion was served upon all interested parties with the Local Rule 2002-4 negative notice legend informing the parties of their opportunity to respond within 21 days of the date of service; no party filed a response within the time permitted; and the Court therefore considers the Motion unopposed. Accordingly, it is:

**ORDERED** and **ADJUDGED** as follows:

1. The notice of the Motion is approved as proper and adequate under the circumstances.

2. The Motion is GRANTED.

3. The Trustee is authorized to sell the real property located at:

**UNIT V-178, STRATHMORE RIVERSIDE VILLAS, SECTION TWO, A CONDOMINIUM, ACCORDING TO THE DECLARATION OF CONDOMINIUM RECORDED IN OFFICIAL RECORDS BOOK 897, PAGE 671, AND AMENDMENTS THERETO, AND AS PER PLAT THEREOF, RECORDED IN CONDOMINIUM BOOK 4, PAGE 47, AND AMENDMENTS THERETO, OF THE PUBLIC RECORDS OF SARASOTA COUNTY, FLORIDA, TOGETHER WITH AN UNDIVIDED INTEREST IN THE COMMON ELEMENTS APPURTENANT THERETO.**

more commonly known as, 2543 Riverbluff Parkway, Unit V-178, Sarasota, FL 34231 (the "Real Property"), for an amount acceptable to the Trustee within her best business judgment and with no less than $6,750.00 net benefit to the estate at closing, conditioned on the consent of its lienholder(s), and in accordance with the other terms provided for in the Motion.

4.    The Trustee is authorized to pay the secured mortgage creditor, Bank of America, (also known as "Secured Creditor") the full amount of their lien as of the date of closing or other amount agreeable to the Secured Creditor to release their lien.

5.    The Trustee is authorized to take any all actions and to execute any and all documents necessary and appropriate to effectuate and consummate the terms of said sale, including, executing a deed conveying the interests of the Debtor in the Real Property to Robert Mckone, his assigns, or other ultimate purchaser (the "Buyer").

6.    The Trustee is authorized to execute any such releases, termination statements, assignments, consents or instruments on behalf of any third party, including the holders of any liens, claims or interests identified in paragraph 4 of this Order, that are necessary or appropriate to effectuate or consummate the sale. Moreover, the Trustee is hereby authorized to execute the purchase agreement, or other related documents that are reasonably necessary or appropriate to complete the sale, and to undertake such other actions as may be reasonably necessary or appropriate to complete the sale.

7. The Trustee, and any escrow agent upon the Trustee's written instruction, shall be authorized to make such disbursements on or after the closing of the sale as are required by the purchase agreement or order of this Court, including, but not limited to, (a) all delinquent real property taxes and outstanding post-petition real property taxes pro-rated as of the closing with respect to the real property included among the purchased assets; and (b) other anticipated closing costs (estimated below):

| | |
|---|---|
| Total Sales/Brokers Commission:<br>6% of base sale price to 1st Premier International Properties<br>this commission is intended to be shared with a cooperating agent / broker | $ 8,100.00* |
| Title Charges: | $ 2,350.00* |
| Government recording / transfer charges: | $ 945.00* |
| Satisfaction of Liens:<br>    Bank of America | $ 113,353.42* |
| Misc. (Lien Search Fee, HOA Dues and Estoppel fees, etc.) | $ 2,033.00* |

*These amounts are expected to fluctuate with any sale price changes.

Without further order of the court, and using her best business judgment, the Trustee is authorized to pay closing costs in amounts different than the estimated amounts described above so long as they are within industry standard and do not materially reduce the benefit to the estate.

8. Except as otherwise provided in the Motion, the Real Property shall be sold, transferred, and delivered to Buyer(s) on an "as is, where is" or "with all faults" basis.

9. This Court retains jurisdiction to enforce and implement the terms and provisions of this Order and the purchase agreement, all amendments thereto, any waivers and consents thereunder, and each of the documents executed in connection therewith in all respects, including retaining jurisdiction to (a) compel delivery of the Real Property to the Buyer(s), (b) resolve any disputes arising under or related to the purchase agreement, and (c) resolve any disputes regarding liens, claims, or interests asserted against the Real Property.

10. The purchase agreement and any related documents or other instruments may be modified, amended or supplemented by the parties thereto, in a writing signed by both parties without further order of the Court, provided that any such modification, amendment or supplement does not have a material adverse effect on the Debtor's bankruptcy estate.

Attorney, Richard M. Dauval, Esq., is directed to serve a copy of this order on interested parties and file a proof of service within 3 days of entry of the order.